UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NORTH ATLANTIC OPERATING COMPANY,
INC., AND NATIONAL TOBACCO
COMPANY, L.P.,

                          Plaintiffs,

            -against-

EVERGREEN DISTRIBUTORS, LLC;
DOUGLAS EZRING; NEW LINE FOOD
DISTRIBUTION, INC.; HOOKAH PLUS, INC.,
d/b/a HOOKAH PLUS; HUSSEIN HACHEM;
MANHATTAN WHOLESALERS NY CORP.,
d/b/a MANHATTAN WHOLESALERS, INC;
MAJID RASHIDZADA; MAJID HAROON; 23rd
ST. GENERAL MARKET & DELI CORP., d/b/a
GENERAL MARKET & DELI; GOURMET
FOOD MARKET; NEW STAR TOBACCO,
INC., d/b/a NEW STAR TOBACCO; and JOHN
DOES ONE through TEN, inclusive,

                          Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER ADOPTING REPORTS & RECOMMENDATIONS**

13-CV-4974 (ERK)(VMS)

**TOWNES, United States District Judge.**

      Presently before the Court are the Reports and Recommendations of Magistrate Judge Vera M. Scanlon dated September 27 and 30, 2013, regarding the application by Plaintiffs North Atlantic Operating Company, Inc. ("NAOC") and National Tobacco Company, L.P. (collectively, "Plaintiffs"), for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. §§ 1501 et seq., against all the defendants. (Docket Nos. 26 ("R&R1"), 29 ("R&R2") (collectively "R&Rs")). For the reasons set forth below, Judge Scanlon's R&Rs are adopted in their entireties.

**I.     BACKGROUND**

The Court assumes the parties' familiarity with the background in this case, as recounted in Judge Scanlon's thorough R&Rs.

Plaintiffs, who are engaged in the sale and distribution of cigarette paper products in the United States, allege the defendants unlawfully distributed counterfeit ZIG-ZAG® brand cigarette paper products in violation of the Lanham Act, 15 U.S.C. § 1114, the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and various state laws.  Plaintiffs commenced this action on September 6, 2013, and at the same time filed a motion for, inter alia, an order to show cause for a preliminary injunction.  (Docket No. 2).  District Judge Margo K. Brodie, the District Judge on duty that day, granted that request and set a hearing date before Judge Scanlon.  (Docket No. 6). On September 10, 2013, Judge Scanlon held a show cause hearing attended by counsel for NAOC, Plaintiffs' witnesses and representatives, counsel for Douglas Ezring, and Salem Joyid, a principal of General Market.  The remaining defendants have not appeared in this matter.

On September 20, 2013, Judge Scanlon ordered Plaintiffs to serve Evergreen and all pro se defendants with the Order giving Evergreen until September 27, 2013, to appear in the action and respond to the request for preliminary relief.  On September 27, 2013, Plaintiffs also filed a motion for a preliminary injunction and Judge Scanlon recommended that Plaintiffs' application be granted, with modifications, as to all defendants – except reserving recommended relief as to Defendant Evergreen "until Evergreen has had an opportunity to respond."  (R&R1 at 2).  On September 30, 2013, Judge Scanlon issued R&R2 as to Evergreen, which defendant "has not appeared or responded to date."  (R&R2 at 2).

As to the evidence offered by Plaintiffs', Judge Scanlon found that the "witnesses and declarants appear to be credible" and that "Defendants have presented no credible, admissible evidence in opposition to Plaintiffs' evidence."  (R&R2 at 4).  Judge Scanlon also stated that

Plaintiffs have shown likelihood of success on the merits as well as (1) irreparable injury; (2) that the remedies available at law cannot adequately compensate for the injuries; (3) that the balance of hardships weigh clearly in Plaintiffs' favor; and (4) that it is in the public's interest to halt the sale and distribution of counterfeit ZIG-ZAG® Orange.  (R&R1 17-25; R&R2 7-10 (applying factors articulated in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006))).

Accordingly, Judge Scanlon recommended that the preliminary injunction apply to all defendants "and any of their subsidiaries, parents, or respective officers, agents, servants, attorneys, employees, or other representatives, who receive notice of this Court's Report and Recommendation and the Order adopting the Report and Recommendation, by personal service or otherwise," pursuant to Rule 65 and the Lanham Act.  (R&R1 at 26; R&R2 at 12).  Judge Scanlon specifically noted that she had "removed Plaintiffs' request for the preliminary injunction to apply to Defendants' 'affiliates' and to 'all persons or entities in active concert or participation with [Defendants],' as these terms are too vague and broad to give adequate notice to any such parties.  (R&R1 at 26 n.23).

## II.   DISCUSSION

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  The defendants have filed no objections.  Plaintiffs, however, have submitted "one narrow objection to the [R&Rs]:  the injunctive relief recommended . . . should apply not only to the persons identified in the [R&Rs] but also to all persons who are in active concert or participation with them."  (Pls. Obj. at 1).  Plaintiffs rely on Rule 65 which provides in relevant part that the "Content and Scope of Every Injunction"

>  binds only the following who receive actual notice of it by personal service or otherwise:
>  (A) the parties;
>  (B) the parties' officers, agents, servants, employees, and attorneys; and
>  (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed. R. Civ. P. 65(d)(2).  While "courts cannot enjoin the entire universe of potential violators of its orders," such as "those who are acting independently of the enjoined party and whose own rights have not been adjudged[,] . . . third parties 'who are in active concert or participation' with the parties, their officers, agents, servants, employees or attorneys, can be enjoined.'"  Eli Lilly & Co. v. Gottstein, 617 F.3d 186, 195 (2d Cir. 2010) (quoting Fed. R. Civ. P. 65(d)(2)(C)).  The effect of Rule 65's language is to "give[] force to injunctions and prevent[] parties from violating them by proxy . . . 'through aiders and abettors . . . not parties to the original proceeding.'"  Id. (quoting Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14 (1945)).  The vagueness or broadness of this category of "other persons" is addressed by the actual notice requirement.  Accordingly, Plaintiffs' narrow request is granted.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' request is granted as to the language in Section III.1, but Judge Scanlon's R&Rs (Docket Nos. 26, 29) are otherwise adopted in their entireties pursuant to 28 U.S.C. § 636(b)(1).

**SO ORDERED**

                _____/S/_____
                SANDRA L. TOWNES
                United States District Judge

Dated: October 11, 2013
   Brooklyn, New York